NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOWARD NEWGARD,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI., SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7128

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-249, Chief Judge William P. Greene, Jr.

---

Decided: February 2, 2011

---

HOWARD NEWGARD, Spencer, Iowa, pro se.

DAVID M. HIBEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN

J. GILLINGHAM, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and MICHAEL G. DAUGHERTY, Attorney, Office of the General Counsel, United States Department Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, PLAGER and GAJARSA, *Circuit Judges*.

PER CURIAM.

The issues in this veteran's appeal are (1) whether the veteran's claim was properly dismissed by the Court of Appeals for Veterans Claims ("Veterans Court") under *res judicata* and (2) whether the Veterans Court failed to afford Mr. Newgard due process under the Fifth Amendment. For the reasons explained below, we find no reversible error in the judgment of the Veterans Court; it is *affirmed*.

## I. BACKGROUND

Howard Newgard served on active duty with the United States Army for less than five months in 1969, his term of service cut short due to a torn medial meniscus in his left knee. In August 1969, while undergoing an army training exercise, Mr. Newgard fell and was seen by army medical staff for complaints of pain in his knee. Four years prior to Mr. Newgard entering the army, he had injured his left knee in a tobogganing accident. He was put on limited duty and recommended for separation of service. Mr. Newgard was discharged in October 1969 because of his left knee disability; the injury was determined to have existed prior to his entry into service and not aggravated therein.

Mr. Newgard filed his original service connection claim with the Veterans Administration in October 1970, contending that the earlier injury to his knee was only a sprain and that his required service activities in August 1969 either caused the tear in his medial meniscus or, at a minimum, aggravated any lingering problems from the prior accident. The Regional Office ("RO") denied his claim in a March 1971 rating decision on the basis that the pre-existing left knee condition was not aggravated by active service ("March 1971 rating decision"). Mr. Newgard did not appeal the RO decision, which became a final adjudication of the claim. *See* 38 U.S.C. § 7105(c); 38 C.F.R. §§ 20.302, 20.1103.

In August 1995, Mr. Newgard filed a request to re-open his claim of entitlement to service connection based on new and material evidence. *In re Newgard*, No. 03-08 191, slip op. at 13 (Bd. Vet. App. Jan. 7, 2008). Along with this request, Mr. Newgard filed an application for nonservice-connected pension benefits. In October 1995, the RO determined that Mr. Newgard failed to submit new and material evidence sufficient to reopen his claim of entitlement ("October 1995 decision"). The RO also denied the requested nonservice-connected pension benefits. Mr. Newgard filed a notice of disagreement ("NOD") regarding the claim of entitlement and thus this claim remained pending.

In December 1995, Mr. Newgard resubmitted an application for nonservice-connected pension benefits and entitlement to service connection for a left knee condition. In October 1996, the RO again denied the request to reopen the claim of entitlement to service, but awarded Mr. Newgard nonservice-connected pension benefits and evaluated his left knee disability at 10 percent. *Newgard*

*v. Shinseki*, No. 08-0249, slip op. at 3 (Vet. App. Apr. 30, 2010).

Then, in March 1997, Mr. Newgard submitted a new challenge to the March 1971 rating decision, alleging it contained clear and unmistakable error ("CUE"). A December 1997 RO decision found that the March 1971 rating decision did not contain CUE. *Id.* at 2-3. Mr. Newgard did not appeal the December 1997 CUE decision, and thus it became final. *See* 38 U.S.C. § 7105(c).

In December 2003, on the basis of a medical opinion submitted by Mr. Newgard's physician, the RO reevaluated the still-open October 1995 decision. *In re Newgard*, No. 03-08 191, slip op. at 11 (Bd. Vet. App. Jan. 7, 2008). The physician opined that while the torn medial meniscus may have begun with the tobogganing accident, it was worsened by Mr. Newgard's active service. *Id.* The reevaluation by the RO resulted in a service connection for Mr. Newgard's torn meniscus and an award of a disability rating of 20 percent. *Id.* at 13. The effective date of the service connection was originally set at July 19, 2001, but in a May 2004 rating decision it was made retroactive to August 14, 1995—the date Mr. Newgard reopened his claim of entitlement. *Id.* The 20 percent disability rating, however, was not made retroactive because the Board of Veterans' Appeals ("Board") found that prior to July 2001 Mr. Newgard's left knee had a full range of motion. *Id.* at 23. Thus, Mr. Newgard's service connection disability, for the period of August 14, 1995 to July 18, 2001, was awarded a noncompensable zero percent rating.

Meantime, in April 2003, Mr. Newgard submitted yet another challenge to the March 1971 rating decision based on CUE. *Newgard v. Shinseki*, No. 08-0249, slip op.

at 1-2 (Vet. App. Apr. 30, 2010). This claim was denied as part of the May 2004 rating decision issued by the RO. Mr. Newgard appealed the December 2003 and May 2004 rating decisions to the Board and the Board upheld the rating decisions. Mr. Newgard then appealed the Board's decision to the Veterans Court and asserted that his due process rights were also violated by the Secretary's actions to date. *Id.*

The Veterans Court found that Mr. Newgard's April 2003 CUE motion was barred by *res judicata* and thus vacated and dismissed that portion of the Board's decision. *Id.* at 2. However, the Veterans Court concluded that the Board failed to consider all the relevant evidence of record concerning the compensable rating assigned to Mr. Newgard's left-knee disability prior to July 19, 2001, and therefore vacated and remanded that portion of the Board's decision for readjudication. *Id.* In regards to Mr. Newgard's constitutional challenge, the Veterans Court found that because the matter was being remanded for readjudication, the due process argument was moot. *Id.* at 4. Mr. Newgard appealed the Veterans Court decision to this court; we have jurisdiction under 38 U.S.C. § 7292.

## II. Discussion

Under 38 U.S.C. § 7292, this court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). We have jurisdiction "to determine whether the legal requirement of the statute or regulation has been correctly interpreted in a particular context where the relevant facts are not in dispute." *Szemraj v. Principi*, 357 F.3d 1370, 1375 (Fed.

Cir. 2004). However, except with respect to constitutional issues, we do not have jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d) (2000). We review issues of law without deference. *Wagner v. Principi*, 370 F.3d 1089, 1092 (Fed. Cir. 2004).

Mr. Newgard argues that the Veterans Court erred in relying on *res judicata* to deny his CUE claim because (1) the principle of *res judicata* does not apply to RO decisions and (2) he did not receive a full and fair opportunity to be heard on the CUE issue. Mr. Newgard is incorrect on both assertions. The "[p]rinciples of finality and *res judicata* apply to agency decisions that have not been appealed and have become final." *Cook v. Principi*, 318 F.3d 1334, 1336-1337 (Fed. Cir. 2002). The principal of finality means that if a veteran fails to appeal an RO decision concerning a claim, the decision becomes final, and the claim cannot be reopened unless explicitly provided otherwise by law. *Id.* at 1336 (citing 38 U.S.C. § 7105(c)).

CUE proceedings represent one of the limited exceptions to the rule of finality. They permit an attack on a Board decision where "a very specific and rare kind of error [is made] that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error." 38 C.F.R. § 20.1403. Consequently, CUE proceedings are fundamentally different from direct appeals. *Robinson v. Shinseki*, 557 F.3d 1355, 1360-1361 (Fed. Cir. 2009). For the purpose of *res judicata* each new CUE theory is considered independent, but "[o]nce there is a final decision on a motion under this subpart relating to a prior Board

decision on an issue, that prior Board decision on that issue is no longer subject to revision on the grounds of clear and unmistakable error. Subsequent motions relating to that prior Board decision on that issue shall be dismissed with prejudice." 38 C.F.R. § 20.1409(c).

Mr. Newgard's March 1997 and April 2003 CUE claims are the same. Both challenge the 1971 RO assessment that his knee injury existed prior to his entrance into the service and was not aggravated by his activities in August 1969. Mr. Newgard's two CUE claims may contain slightly different wording but they still allege the exact same error. Merely repackaging a CUE claim to contain different sentences does not create an independent claim immune from the doctrine of *res judicata*. Further, because Mr. Newgard failed to appeal the 1997 RO decision regarding his CUE claim, the decision was final and could not be heard by the Board. *See* 38 U.S.C. § 7105(c). Thus, we hold that the Veterans Court properly vacated and dismissed Mr. Newgard's CUE appeal.

Mr. Newgard also asserts that the Veterans Court erred in dismissing his CUE claim with prejudice because they failed to consider the merits of his claim. Because the issue of whether CUE was present in the 1971 RO decision was not properly before the Veterans Court, the issue is not properly before this court. Thus, we cannot address it. *See* 38 U.S.C. § 7292(a).

Next, Mr. Newgard alleges that the VA violated his due process rights by failing to give proper weight to the evidence he presented regarding his injury. This is not a challenge to the constitutionality of the Veterans Court's adjudication, but it is instead an argument that the 1971 RO decision was erroneous. Because the 1971 RO decision is not properly before this court to review, we *dismiss* the appeal of this issue.

Lastly, Mr. Newgard argues that the Veterans Court erred in granting the Secretary's motion for a 30-day extension of time to file a brief. The decision of whether to grant an extension is a purely procedural question. Congress has provided the Court of Veterans Appeals the express authority to promulgate its rules of practice and procedure, see 38 U.S.C. § 7264(a), and like other courts it is appropriate for the Veterans Court to have discretionary authority to apply its own rules. *Carbino v. West*, 168 F.3d 32, 35 (Fed. Cir. 1999). Consequently, this claim raises no issue within this court's purview and therefore is *dismissed*.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

Each party shall bear its own costs.