NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOWARD NEWGARD,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7005

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-1334, Chief Judge Bruce E. Kasold.

---

Decided: May 8, 2014

---

HOWARD NEWGARD, of Spencer, Iowa, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, TRACEY PARKER WARREN, Y. KEN LEE and BRIAN

D. GRIFFIN, Attorneys, United States Department of Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge,* DYK, and O'MALLEY, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Howard Newgard appeals the judgment of the Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans Appeals ("Board") that (1) assigned a disability rating of 10% for a left-knee disability from August 14, 1995 to July 19, 2001, and (2) denied benefits for cervical, right-wrist, and right-elbow disabilities, because these disabilities were not incurred in or aggravated by service. Because we conclude that the Veterans Court did not err in finding that Mr. Newgard did not establish that he was denied due process in connection with his disability claims, and because Mr. Newgard does not identify any appealable issues that involve the validity or interpretation of a statute or regulation, we *affirm in part* and *dismiss in part*.

## I. BACKGROUND

In 1969, Mr. Newgard served on active duty with the United States Army for less than five months. In August 1969, during a training exercise, Mr. Newgard fell and tore the medial meniscus in his left knee. This was the same knee he had injured in a tobogganing accident four years before entering the army. Because of his injury, the army placed Mr. Newgard on limited duty and subsequently discharged him.

After his discharge, Mr. Newgard filed his original service connection claim with the Veterans Administration in October 1970, arguing his service related activities caused or, at a minimum, aggravated his knee injury. In

March 1971, the Regional Office ("RO") denied his claim, finding that the pre-existing left knee condition was not aggravated by active service ("March 1971 rating decision"). Mr. Newgard did not appeal this decision, which became a final adjudication of the claim. *See* 38 U.S.C. § 7105(c) (2012) ("If no notice of disagreement is filed in accordance with this chapter within the prescribed period, the action or determination shall become final and the claim will not thereafter be reopened or allowed, except as may otherwise be provided by regulations not inconsistent with this title."); 38 C.F.R. §§ 20.302, 20.1103 (2012).

Twenty-four years later, in August 1995, Mr. Newgard filed a request to reopen his claim of entitlement to service connection based on new and material evidence. Along with this request, he also filed an application for nonservice connected pension benefits. The RO, however, determined that Mr. Newgard failed to submit new and material evidence sufficient to reopen his claim of service connected entitlement to a disability award and also denied the request for nonservice connected pension benefits ("October 1995 decision"). Mr. Newgard filed a notice of disagreement, which, according to the Veterans Court, kept his claims pending.

In December 1995, Mr. Newgard resubmitted both requests. The RO again denied the request to reopen the claim of entitlement to service connection for his knee injury, but awarded him nonservice connected pension benefits and evaluated his left knee disability at 10%, effective August 14, 1995. *Newgard v. Shinseki*, No. 08-0249, 2010 WL 1734885, at *3 (Vet. App. Apr. 30, 2010).

In March 1997, Mr. Newgard challenged the March 1971 rating decision, alleging that it contained clear and unmistakable error ("CUE"). The RO found that the March 1971 decision did not contain CUE and Mr. Newgard did not appeal, making the decision final. *See* 38 U.S.C. § 7105(c).

In December 2003, based on a medical opinion submitted by Mr. Newgard's physician, the RO reevaluated the still-open October 1995 decision. *In re Newgard*, No. 03-08 191, slip op. at 11 (Bd. Vet. App. Jan 7, 2008). Based on this new information, the RO granted Mr. Newgard service connection for his left knee injury and awarded a disability rating of 20% ("December 2003 rating decision"). *Id.* at 13. The service connection was made retroactive to August 14, 1995—the date Mr. Newgard reopened his claim of entitlement—but the 20% disability rating was not deemed retroactive because the Board found that, prior to July 2001, Mr. Newgard had full range of motion in his knee. This meant that, while he did receive the benefits noted above based on his knee injury, he received no compensation for his service connection disability from August 14, 1995 to July 18, 2001, when the Board first deemed that injury compensable. *Id.* at 23.

In April 2003, Mr. Newgard submitted another challenge to the March 1971 rating decision, again alleging CUE. *Newgard v. Shinseki*, No. 08-0249, 2010 WL 1734885, at *3 (Vet. App. Apr. 30, 2010). The RO denied this claim in May 2004 ("May 2004 rating decision").

Mr. Newgard appealed the RO's December 2003 and May 2004 rating decisions—first to the Board, which affirmed, and then to the Veterans Court. The Veterans Court found that Mr. Newgard's CUE motion was barred by res judicata, but it also concluded that the Board failed to consider all relevant evidence regarding Mr. Newgard's left knee injury and, therefore, vacated and remanded that portion of the Board's decision. Mr. Newgard appealed the Veterans Court's decision to this court. *See Newgard v. Shinseki*, 412 Fed. App'x 291, 292 (Fed. Cir. 2011). The panel affirmed the finding of res judicata and dismissed Mr. Newgard's due process arguments as an improper attempt to argue that the March 1971 rating decision was wrong. *Id.* at 294–95.

On remand, Mr. Newgard sought an increase in the disability rating for his left knee and a service connection for his cervical, right wrist, and right elbow injuries. The Board found that Mr. Newgard was entitled to a 10% disability rating for his left knee injury from August 14, 1995 to July 18, 2001. The Board, however, denied claims of entitlement for his cervical, wrist, and elbow disabilities because none of those injuries was sustained in or aggravated by his service. The Veterans Court affirmed the Board's decision because the Board's findings were supported by substantial evidence. The Veterans Court also found that Mr. Newgard had failed to demonstrate a due process violation because the alleged new and unaltered documents he uncovered from his Freedom of Information Act ("FOIA") request had been in the record since 2010 and none of the alleged new information materially differed from the original record. *Newgard v. Shinseki*, No. 12-1334, slip op. at 2–3 (Vet. App. Aug. 9, 2013). This appeal followed.

## II. DISCUSSION

Our jurisdiction over the decisions of the Veterans Court is limited by statute. *Bond v. Shinseki*, 659 F.3d 1362, 1366 (Fed. Cir. 2011). Unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Under 38 U.S.C. § 7292(a), we may also review "the validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Mr. Newgard has alleged that his appeal involves constitutional issues and the validity or interpretation of a statute.

### a. Constitutional Issue

Mr. Newgard argues that the Veterans Court has violated his constitutional right to due process by not giving him a "meaningful opportunity to be heard." Appellant's Br. 9. He further contends that our decision in *Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009) mandates reversal because, after Mr. Newgard made a FOIA request for his file in 2007, he uncovered additional and unaltered documents that the RO had not included in the record of the original March 1971 rating decision. Mr. Newgard argues that, similar to *Cushman* where a document in the record was altered, the missing and unaltered documents from his file prove that he did not have a fair hearing.

The Government responds that this case falls outside of our jurisdiction because, in its view, all of Mr. Newgard's arguments amount to factual disagreements concerning the amount of his disability award. The Government further contends that Mr. Newgard's due process rights have not been violated because the Veterans Court analyzed in the decision under review the entire record, including the allegedly missing documents found in Mr. Newgard's 2007 FOIA request. The Government argues that the Veterans Court distinguished *Cushman* because "the documents to which [Mr. Newgard] cites do not reflect any substantive or material differences across the versions." *Newgard v. Shinseki*, No. 12-1334, slip op. at 2 (Vet. App. Aug. 9, 2013).

In *Cushman*, we held that a veteran's "entitlement to benefits is a property interest protected by the Due Process Clause of the Fifth Amendment to the United States Constitution." 576 F.3d at 1298. We disagree with the Government that Mr. Newgard's constitutional issue falls outside our jurisdiction. Because Mr. Newgard's entitlement to benefits is protected by the Constitution, we have jurisdiction to consider a constitutional challenge to a

factual determination, as we did in *Cushman*. *See* 38 U.S.C. § 7292(d)(2); *Cushman*, 576 F.3d at 1300.

Turning to the merits, however, we hold the Government did not violate Mr. Newgard's right to due process. We explained in *Cushman* that "[a]lterations of evidence are material for due process purposes if there is a 'reasonable probability of a different result' absent those alterations." *Cushman*, 576 F.3d at 1300 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Because, in *Cushman*, the content of the altered document indicated that the veteran was more employable than did the content of the unaltered document, we found that there was a reasonable probability the result would have been different. *Id*. In this case, on the other hand, the Board considered the alleged new and unaltered documents in 2010. The new and unaltered documents, moreover, did not reflect any substantive or material differences with the old record. *See Newgard v. Shinseki*, No. 12-1334, slip op. at 2 (Vet. App. Aug. 9, 2013) (explaining that the alterations were to the formatting and an irrelevant alleged date alteration, and the missing document did not contain any personal or admission data about Mr. Newgard besides his name). Because these changes are irrelevant to the rating decision, there is no reasonable probability of a different result absent those alleged alterations and omissions. *See Cushman*, 576 F.3d at 1300. Accordingly, we affirm the Veterans Court's finding that Mr. Newgard was not deprived of his right to due process.

b. Validity or Interpretation of a Statute

Mr. Newgard also alleges that the Veterans Court's decision involved the validity or interpretation of a statute or regulation. *See* 38 U.S.C. § 7292(a). Mr. Newgard argues that the Veterans Court's decision implicated the validity or interpretation of a statute because he was illegally discharged under United States Army regulation AR 635-200, instead of under AR 40-501 and 29 C.F.R.

§ 6718 (1964). He also argues that the Veterans Court failed to afford him a "presumption of soundness" under 38 U.S.C. § 1111, and that he is entitled to a 100% disability rating based on 38 C.F.R. § 4.29.

The Government responds that the Veterans Court's decision did not elaborate on the meaning of any statute or regulation, or involve a rule of law. The Government argues that Mr. Newgard's request to review his army discharge under AR 635-200 is improper because the Veterans Court does not review army discharges; it assesses service connection. The Government further contends that Mr. Newgard is not entitled to a 100% disability rating under 38 C.F.R. § 4.29 because that disability rating is limited to the time spent confined in the hospital. *See* 38 C.F.R. § 4.29(a).

Mr. Newgard's arguments are unpersuasive. The statutes he identifies were not properly at issue before the Veterans Court. Indeed, the Veterans Court's decision did not interpret or consider the validity of AR 635-200, 38 U.S.C. § 1111, or 38 C.F.R. § 4.29. *Newgard v. Shinseki*, No. 12-1334, slip op. at 1–3 (Vet. App. Aug. 9, 2013). We therefore do not have jurisdiction under 38 U.S.C. § 7292(a).

We have considered Mr. Newgard's remaining arguments and find that none of them fall within our statutorily defined jurisdiction for appeals from the Veterans Court.[1]

---

[1]    For example, Mr. Newgard argues that his March 1997 challenge to the March 1971 rating decision did not argue CUE and therefor did not bar the April 2003 CUE challenge. Although this may have been relevant in his prior appeal to this court, it is not at issue in this appeal and the Veterans Court properly refused to address it. *See Newgard v. Shinseki*, No. 12-1334, slip op. at 3 (Vet.

## III. Conclusion

For the foregoing reasons, we affirm in part and dismiss in part for lack jurisdiction.

**AFFIRMED IN PART AND DISMISSED IN PART**

---

App. Aug. 9, 2013*); see also Newgard*, 412 Fed. App'x at 292.  We therefore do not have jurisdiction to review Mr. Newgard's CUE argument.  *See* 38 U.S.C. § 7292(a).