NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOWARD W. NEWGARD,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS**

*Respondent-Appellee*

---

2015-7062

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-4359, Judge Robert N. Davis.

---

Decided: November 10, 2015

---

HOWARD W. NEWGARD, Spencer, IA, pro se.

ROBERT M. NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Howard W. Newgard ("Newgard") appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") denying his petition for extraordinary relief in the form of a writ of mandamus. *See Newgard v. McDonald*, No. 14-4359, 2015 WL 507146 (Vet. App. Feb. 6, 2015). Because Newgard's arguments challenge only the Veterans Court's application of law to fact, we dismiss for lack of jurisdiction.

## BACKGROUND

Newgard served in the United States Army from January 1969 through October 1969. During training, he fell and injured his left knee. As a result, he was hospitalized for nearly a month and given a medical discharge. Newgard has sought disability benefits for this injury since 1970, including appeals of rating decisions, claims of clear and unmistakable error ("CUE"), and two prior appeals to this court. *See, e.g., Newgard v. Shinseki*, 565 F. App'x 879 (Fed. Cir. 2014); *Newgard v. Shinseki*, 412 F. App'x 291 (Fed. Cir. 2011).

In December 2012, Newgard submitted a CUE claim to the Des Moines, Iowa Regional Office ("RO"), alleging that the RO committed CUE by denying his original claim for disability benefits. The RO responded on July 3, 2013, with a letter indicating that it would not act on Newgard's claim because the issues he raised had been previously addressed.

Newgard then filed a petition for a writ of mandamus at the Veterans Court on December 17, 2014, in which he asked the Veterans Court to compel the RO to process his December 2012 claim. The next day, he received a Statement of the Case from the RO regarding that claim. Newgard filed an amended petition in January 2015 reflecting that he had received the Statement of the Case,

but insisted that he was still entitled to a writ of mandamus because the Statement of the Case allegedly did not address the actual issues raised in his December 2012 claim.

The Veterans Court denied Newgard's petition on February 6, 2015, concluding that the RO's issuance of the Statement of the Case rendered the petition moot, and that Newgard did not meet the legal requirements for obtaining a writ of mandamus because his allegations could be addressed through an appeal to the Board of Veterans Appeals.

Newgard timely appealed to this court, seeking to invoke our jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). We may also review a Veterans Court decision with respect to legal questions raised in an appeal that challenge the Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Newgard does not argue that the Veterans Court misstated the legal standard for evaluating whether to grant a writ of mandamus, and does not argue that the Veterans Court interpreted or elaborated upon the meaning of any statute or regulation. Instead, Newgard argues that the Veterans Court erred in denying his petition because the Veterans Court misconstrued or did not address his

arguments, Appellant's Br. 6–16, and because he meets the requirements for issuance of a writ of mandamus, *id.* 25–30. The Secretary responds that those arguments challenge the Veterans Court's application of the law to the facts of Newgard's case, which is a matter outside of our jurisdiction. We agree. Rather than challenge the legal standard applied by the Veterans Court, Newgard's arguments only challenge the manner in which the Veterans Court applied the law to the facts. *See* 38 U.S.C. § 7292(d)(2); *Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014).

Newgard further alleges that his due process rights were violated when the RO allegedly deliberately withheld documents relevant to his service and injury. Appellant's Br. 16–21. The Secretary responds that this argument is in substance an attempt to relitigate the merits of Newgard's previously-denied CUE allegation. Appellee's Br. 20–22.

We consider that Newgard's constitutional argument need not be decided at this point. His claim for benefits, including the allegedly withheld documents, is currently pending with the RO. Thus, the RO provides an alternative remedy for Newgard's claims, which makes Newgard's constitutional argument inappropriate for mandamus.

Newgard also raises arguments regarding the merits of his case. The narrow jurisdictional question, however, is only whether Newgard has alleged that the Veterans Court committed legal error in denying his petition for a writ of mandamus. Because he has only challenged the manner in which the Veterans Court applied established law to the facts of his case, the appeal must be dismissed.

CONCLUSION

We have considered Newgard's remaining arguments, but find them unpersuasive. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.