NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOWARD W. NEWGARD,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-2248

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-4884, Judge Robert N. Davis.

---

Decided: January 3, 2017

---

HOWARD W. NEWGARD, Spencer, IA, pro se.

ROBERT NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Mr. Newgard seeks review of the decision of the United States Court of Appeals for Veterans Claims (CAVC), dismissing his mandamus petition as moot.[1]  The CAVC found that the relief requested had been accomplished during the mandamus proceedings.

## BACKGROUND

Mr. Newgard entered into service with the United States Army in 1969 and experienced injuries during training.  He was discharged in October 1969.  He filed several claims for compensation; the procedural history has been reported in prior opinions, *Newgard v. Shinseki,* 412 F. App'x 291 (Fed. Cir. 2011), and *Newgard v. Shinseki,* 565 F. App'x 879 (Fed. Cir. 2014).

Mr. Newgard raised the following issues in his mandamus petition:

**Petition to compel the Department of Veterans Affairs (VA) to "docket and certify" his substantive appeals to the Board of Veterans Affairs (BVA) dated February 28, 2015 and August 4, 2015, and to inform Mr. Newgard of their status.**

In reply to the mandamus petition, the Secretary of Veterans Affairs responded to the CAVC that (a) on December 30, 2015, a VA Form 8 "Certification of Appeal" was completed, noting the completions of VA Form 9 "Appeals to the BVA" on January 28, 2015 and August 24,

---

[1]    *Howard Newgard v. Robert A. McDonald, Secretary of Veterans Affairs,* No. 15-4884 (Vet. App. Mar 31, 2016).

2015; and (b) on January 12, 2016, the BVA sent a docketing letter informing Mr. Newgard that his claims were awaiting adjudication and of his opportunity to submit additional evidence.

Mr. Newgard agrees that he has received this relief with respect to his appeals dated February 28, 2015 and August 14, 2015, and he does not raise those issues in this appeal. Petitioner's Informal Br. at 4. However, additional issues remain.

### Petition to compel the Regional Office (RO) in Des Moines, Iowa, to adjudicate his claim dated September 1, 2015.

With respect to the September 1, 2015, claim to the Regional Office (RO), the Secretary stated in response to the mandamus petition that this claim was based on the same rating issue on appeal to the BVA, *supra*, and was awaiting adjudication by the BVA. The Secretary presented the declaration of Athena Delgado, the Des Moines RO Service Center Manager, who declared that Mr. Newgard had been informed of this determination via letter dated December 22, 2015. J.A. 55.

Based on the Response from the Secretary, on March 31, 2016, the CAVC dismissed Mr. Newgard's mandamus petition as moot. On the same day as the CAVC's entry of the dismissal, the CAVC received from Mr. Newgard a Reply to the Secretary's Response, which the CAVC construed as a Motion for Reconsideration of its March 31, 2016 dismissal. On May 12, 2016, the CAVC ruled that the principal issues raised by Mr. Newgard's Motion for Reconsideration related to whether his substantive appeals dated February 28, 2015 and August 14, 2015 were actually on appeal before the BVA. The CAVC determined that they were, citing the Secretary's Response and the record. On May 12, 2016, the CAVC denied the Motion for Reconsideration.

On this appeal, Mr. Newgard states that the declaration by RO Manager Delgado was "false," that the Secretary improperly deemed the September 1, 2015 claim to be the equivalent of a June 2014 claim, and that the CAVC's reliance on the Delgado declaration was in error. Mr. Newgard presents these concerns to the Federal Circuit.

DISCUSSION

The Secretary states that these mandamus issues are not subject to review by the Federal Circuit, citing the statutory limits of our jurisdiction. We have explained, with respect to Writs, that:

> We may not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ. In conducting such a review, we do not interfere with the CAVC's role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.

*Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Our jurisdiction with respect to a writ of mandamus is neither enlarged nor constricted, by our statutory assignment of jurisdiction. *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction."). By statute, we do not have jurisdiction to review the factual details of the claims before the RO and the BVA, unless constitutional aspects are implicated. 38 U.S.C. § 7292(d)(2). However, we possess jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the CAVC "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).

As such, Mr. Newgard's assertions regarding the Delgado declaration raise questions of fact, for which the CAVC's review is final. On the record before us, the CAVC's dismissal of the mandamus petition as moot is appropriate, for the substantive appeals are proceeding before the BVA, and the Secretary has stated to this court and the CAVC that Mr. Newgard's September 1, 2015, claim is being adjudicated. Mr. Newgard's concern that the delays in processing his claims, initially filed in 2011, raise constitutional issues of due process appears to have been resolved. Although we share the concern for delay, the principal issues in the mandamus petition appear now to be on track for resolution.

The dismissal by the CAVC of the mandamus petition is affirmed.

**AFFIRMED**

No costs.