*950 ON MOTION
CLEVENGER, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to summarily affirm the March 13, 2000 decision of the United States Court of Appeals for Veterans Claims. William F. Morris opposes.
On August 20, 1992, the United States Court of Appeals for Veterans Claims affirmed the May 6, 1991 decision of the Board of Veterans’ Appeals denying service connection for a lumbar spine disability and a left knee disability, an increased disability rating for residual leg damage and post traumatic stress disorder, and a total disability rating based on individual unemployability. In April 1999, Morris filed a motion with the Board seeking to collaterally attack the Board’s 1991 decision based on clear and unmistakable error (CUE), which the Board denied on June 23,1999. On March 13, 2000, the Veterans Court vacated the Board’s June 23, 1999 decision and dismissed the action on jurisdictional grounds. The Veterans Court ruled that, pursuant to 38 C.F.R. § 20.1400(b), because it had affirmed the Board’s 1991 decision on direct review, the Board lacked jurisdiction to entertain Morris’s CUE claim. Morris appealed to this court.
This appeal was stayed pending a decision in Disabled American Veterans v. Gober, 234 F.3d 682 (Fed.Cir.2000). The Secretary now moves for summary affir-mance of the March 13, 2000 decision of the Court of Appeals for Veterans Claims based on our recent decision in Disabled American Veterans. In Disabled American Veterans, this court, inter alia, upheld the validity of 38 C.F.R. § 20.1400(b), stating that the regulation “prevents the Board from reviewing a previous Board decision on an issue for CUE when the previous issue has been appealed to, or decided by a court of competent jurisdiction, such as the Court of Appeals for Veterans Claims.” Id. at 693. The court noted that when the Veterans Court “affirms the determination of the Board on a particular issue, the Board decision is replaced by the Court of Appeals for Veterans Claims decision on that issue ... [and] there is no longer any ‘decision by the Board that [can be] subject to revision.’ ” Id.
Summary affirmance of a case “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists”). Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Because the sole issue in this case is the validity of 38 C.F.R. § 20.1400(b) and this court recently upheld the validity of that regulation in Disabled American Veterans, summary affirmance is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion for summary affirmance is granted.
(2) Each side shall bear its own costs.