NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7013

WILLIAM F. MORRIS,

Claimant- Appellant,

v.

R. JAMES NICHOLSON , Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: February 15, 2005

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Appellant William F. Morris ("Morris") appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans' Court"), which affirmed the decision of the Board of Veterans Appeals ("Board") dismissing his claim that a prior Board decision contained clear and unmistakable error; denied his petition for a writ of mandamus; and dismissed his claim for damages. We affirm.

BACKGROUND

Morris served in the United States Army from 1966 to 1969. He received a gunshot wound during combat in Vietnam and in November 1969 was awarded a 60% disability rating for this wound by the Department of Veterans Affairs ("VA"). In 1988, Morris filed a claim for Post-Traumatic Stress Disorder ("PTSD"), which was allowed

with a 10% disability rating. The disability rating on the PTSD was later increased to 30%.

Dissatisfied with the VA's decision, Morris filed an appeal to the Board. Morris requested a higher disability rating for his gunshot wound and for his PTSD claim. He also filed additional claims for a lumber-spine condition and a knee condition. Finally, he requested a rating of total disability based on individual unemployability ("TDIU"). The Board's 1991 decision rejected all of his new claims and declined to increase his disability rating. Morris then filed an appeal with the Veterans' Court. The Veterans' Court affirmed the Board in a decision issued in 1992.

In 1999, Morris filed a motion for revision of the 1991 decision with the Board. The Board denied the motion on the basis that Morris failed to meet threshold pleading requirements for clear and unmistakable error. On appeal to the Veterans' Court, the court vacated the Board decision and dismissed the action for lack of jurisdiction based on 38 C.F.R. § 20.1400(b), which states that final Board decisions on an issue are not subject to revision on grounds of clear and unmistakable error if they have been appealed to, and been decided by, a court of competent jurisdiction. The Veterans' Court ruled that, since it affirmed the Board's 1991 decision, that decision was no longer subject to Board revision.

Morris appealed the Veterans' Court decision to this court. We summarily affirmed the Veterans' Court in an unpublished decision. Morris v. Principi, 12 Fed. Appx. 949 (Fed. Cir. 2001). Thereafter, apparently to conform its ground for decision to the Veterans' Court's ground for affirmance, the Board issued a new decision in 2002, holding that it lacked jurisdiction under 38 C.F.R. § 20.1400(b). Morris appealed the

Board's dismissal to the Veterans' Court, and raised additional claims not raised before the Board, including, <u>inter alia</u>, a claim that he was entitled to an earlier effective date for his TDIU,[1] violation of the right to privacy, and a claim for $1,500,000 in damages. Morris also petitioned for a writ of mandamus seeking relief from the government's recoupment of an overpayment of $8,857.36 concerning the concurrent receipt of Survivors' and Dependants' Education Assistance Program ("DEA") benefits and TDIU compensation benefits. The Veterans' Court affirmed the Board's dismissal, refused to consider the new claims, and denied the request for a writ of mandamus, finding that mandamus was not warranted both because Morris had not demonstrated that the recoupment was improper and because Morris had alternative avenues for challenging the VA's recoupment decision.

Morris appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

Our review of the Veterans' Court is limited by statute. Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d) (2000).

I

The first issue before us is whether the Veterans' Court properly affirmed the Board's dismissal of the appeal. The Veterans' Court affirmed the dismissal on the basis of 38 C.F.R. § 20.1400(b)(1), which states:

---

[1] At some point, for reasons not clear from the record, the VA awarded Morris a service connection for TDIU, made retroactively effective to 1993.

05-7013                                    3

(b) All final Board decisions are subject to revision [for clear and unmistakable error] . . . except:
(1) Decisions on issues which have been appealed to and decided by a court of competent jurisdiction . . . .

We upheld the validity of this regulation in Disabled American Veterans v. Gober, 234 F.3d 682, 693 (Fed. Cir. 2000). The Veterans' Court is clearly a "court of competent jurisdiction" under the regulation. The Board correctly held that it did not have jurisdiction to review a decision that had been appealed to and decided by the Veterans' Court. The legal basis for the Veterans' Court's affirmance contains no error.

II

The Veterans' Court held that Morris raised additional issues on appeal that had not been raised before the Board, and refused to consider them. These issues were: A claim for earlier effective date for TDIU; a left knee disability; and back, hypertension, neck, and neurological disabilities. We can find no error in the Veterans' Court's refusal to consider these claims. 38 U.S.C. § 7252 (2000) ("Review in the Court shall be on the record of proceedings before the Secretary and the Board.").

Morris also sought $1.5 million in damages. The Veterans' Court held that its jurisdiction was limited by statute to the review of Board decisions and did not have the additional power to separately award monetary damages. We find no error in the dismissal of the claim for $1.5 million in damages.

III

The Veterans' Court also denied Morris' petition for writ of mandamus concerning the VA's recoupment of an alleged overpayment of $8,857.36 concerning concurrent receipt of DEA benefits and TDIU compensation. The Veterans' Court held that it had power to grant mandamus but that Morris had shown neither a clear and indisputable

right to the writ nor that he lacked alternative avenues for relief.  We can find no legal error in the Veterans' Court's decision on this issue.  We must therefore affirm the Veterans' Court's denial of the petition.

IV

Finally, Morris argues that the VA breached his right to privacy, in violation of the Fourth Amendment.  The Veterans' Court found that the VA did release information to a third party, apparently without authorization, but that it did not have jurisdiction to entertain a civil claim for damages arising from the release.  **[ra7]**  We agree with the Veterans' Court that Morris cannot litigate a claim for damages predicated upon constitutional violations in the Veterans' Court.  See 38 U.S.C. § 7252 (jurisdiction of Veterans' Court is to review Board decisions).

We have reviewed Morris' remaining claims and find them to be without merit.

CONCLUSION

For the foregoing reasons, the decision of the Veterans' Court is affirmed.

COSTS

No costs.