NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK C. JACKSON,**
*Claimant-Appellant*

v.

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS**,
*Respondent-Appellee*

---

2015-7008

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1366, Judge William A. Moorman.

---

Decided: April 13, 2015

---

MARK C. JACKSON, Starke, FL, pro se.

AGATHA KOPROWSKI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before WALLACH, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM

Petitioner Mark C. Jackson appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that reaffirmed an order dismissing Mr. Jackson's petition for writ of mandamus as moot. Because the Veterans Court did not abuse its discretion in dismissing Mr. Jackson's petition, we affirm.

I

Mr. Jackson served honorably for the United States in active duty from July 1989 to July 1993. In October 2002 and March 2005, Mr. Jackson applied for Vocational Rehabilitation and Education (VRE) benefits, which are intended to enable veterans with service-connected disabilities to become employable and to obtain and maintain suitable employment. 38 U.S.C. § 3100; 38 C.F.R. § 21.70. Prior to obtaining approval from the Department of Veterans Affairs (VA) to receive VRE benefits, Mr. Jackson purchased a computer and other equipment that he intended to use for community college classes. At the time, Mr. Jackson had not yet enrolled in any classes and had not received authorization from the VA to purchase the computer. His request for reimbursement for the computer and other equipment was denied in August 2005. In March 2006, the VA also denied Mr. Jackson's VRE benefits based on its conclusion that Mr. Jackson's vocational goal of working as a computer systems analyst was not reasonably feasible.

Mr. Jackson appealed both benefit denials, and the Board of Veterans Appeals (Board) subsequently remanded to the appropriate regional offices in October 2006, September 2009, and February 2012 for further development of the record. On May 6, 2013, the VA regional

office in St. Petersburg, Florida issued a Supplemental Statement of the Case (SSOC) addressing the issues on remand from the Board. Among other findings, the SSOC explained that the regional office could not make a determination on the feasibility of Mr. Jackson's vocational goals because Mr. Jackson had not completed a required evaluation or provided certain evidence that would have allowed the regional office to reevaluate its 2006 feasibility determination.

On May 9, 2014, Mr. Jackson filed a petition for a writ of mandamus with the Veterans Court. Among other things, Mr. Jackson charged that the regional office and the VA had unreasonably delayed in acting on his claims after they had been remanded from the Board. Several days later, Mr. Jackson filed a subsequent "motion to clarify," contending that a denial of his petition for writ would deprive him of his Fifth Amendment rights. On May 30, the Veterans Court issued an order denying Mr. Jackson's petition and dismissing his motion to clarify. The next day, Mr. Jackson filed a motion that the Veterans Court construed as a motion for single-judge reconsideration of the denial. On June 25, the Veterans Court granted single-judge reconsideration of its May 30 denial and also ordered the Acting Secretary to respond to Mr. Jackson's petition.

The Acting Secretary submitted a timely response on July 8, arguing that because Mr. Jackson failed to complete certain required evaluations, he had not demonstrated that the VA's delay in adjudicating his claim was unreasonable or an arbitrary refusal to act. While maintaining that the VA's denial of Mr. Jackson's benefit claims was proper, the Acting Secretary forwarded Mr. Jackson's claim files to the Board for review of the regional office's continued denial of Mr. Jackson's claims. On July 31, 2014, the Veterans Court vacated its May 30 order and, after reconsidering Mr. Jackson's claims, issued a final order dismissing his mandamus petition as

moot and denying his motion to clarify. The next day, Mr. Jackson filed a motion for a panel decision, which was granted. A panel of judges on the Veterans Court then issued an order adopting the July 31 single-judge order. This appeal followed.

## II

Our jurisdiction to review decisions by the Veterans Court is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Under 38 U.S.C. § 7292(a), we have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation . . . or any interpretation thereof." We also have jurisdiction "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *Cayat v. Nicholson*, 429 F.3d 1331, 1333 (Fed. Cir. 2005). For appeals involving petitions for a writ of mandamus, we have jurisdiction to "review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," but cannot "review the factual merits of the veteran's claim." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). We review the Veterans Court's denial of a petition for a writ of mandamus for an abuse of discretion. *See Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

The remedy of mandamus is a "drastic" one, to be invoked only in extraordinary situations. *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Courts may issue a writ of mandamus only if three conditions are satisfied: 1) the petitioner must demonstrate that he lacks adequate alternative means to attain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, 2) the peti-

tioner must demonstrate a clear and indisputable right to the writ, and 3) the court must be convinced, given the circumstances, that the issuance of a writ is warranted. *Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

Here, Mr. Jackson sought action on the denial of his VRE benefit and computer reimbursement claims by the regional office. The Veterans Court found that Mr. Jackson had not demonstrated that the VA's delay in processing his claims amounted to an unreasonable arbitrary refusal to act. Furthermore, the Veterans Court noted that in response to its June 25 order to the VA to respond to Mr. Jackson's mandamus petition, the VA *did* act on Mr. Jackson's claims, forwarding his appeal to the Board for action. In light of the Secretary's actions, the Veterans Court then dismissed Mr. Jackson's petition for a writ as moot. The Veterans Court also denied Mr. Jackson's motion to clarify, finding that the motion failed to state with particularity the specific grounds upon which it was based or to describe the relief sought.[1]

---

[1]    As part of this motion, Mr. Jackson appeared to allege that the VA violated his Fifth Amendment right to liberty and perpetuated a violation by the State of Florida of the Due Process Clause of the Fourteenth Amendment. Mr. Jackson does not explain how his petition is connected to these constitutional claims. Nor did the Veterans Court decide any constitutional issues in its orders on Mr. Jackson's petition. Merely characterizing arguments as constitutional does not give rise to separate constitutional claims. *See Flores v. Nicholson*, 476 F.3d 1379, 1382 (Fed. Cir. 2007). Thus, Mr. Jackson's conclusory references to Due Process Clause violations, without more, are insufficient to raise a constitutional issue within the scope of our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[C]haracterization of [a] question as constitu-

We also note that less than a week after dismissing Mr. Jackson's mandamus petition and less than a month after the Acting Secretary forwarded Mr. Jackson's appeal to the Board, the Board issued a ruling on Mr. Jackson's appeal. No. 04-31 819A, 2014 WL 5094720 (Bd. Vet. App. Aug. 4, 2014). In its ruling, the Board affirmed the August 2005 denial of reimbursement for Mr. Jackson's purchase of a computer and other equipment, but concluded that the VA should have supported Mr. Jackson's vocational efforts to pursue a career as a computer systems analyst, and thus reversed the VA's March 2006 denial of VRE benefits to Mr. Jackson as improper. *Id.* at \*2, 22.

Because Mr. Jackson obtained the relief he sought in his petition for writ of mandamus when the VA reviewed his claim file and forwarded his appeal to the Board, the Veterans Court did not abuse its discretion by subsequently dismissing Mr. Jackson's petition as moot. The decision of the Veterans Court's is therefore

**AFFIRMED**

Costs

No costs.

---

tional in nature does not confer upon us jurisdiction that we otherwise lack.").