NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY JEAN PHILIPPEAUX,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2016-1758

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3361, Judge Lawrence B. Hagel.

---

Decided: August 9, 2016

---

EDDY JEAN PHILIPPEAUX, Los Angeles, CA, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Eddy J. Philippeaux ("Philippeaux") appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") (1) dismissing his petition for writ of mandamus as moot, and (2) denying his motions for revision of several regional office decisions. *Philippeaux v. McDonald*, No. 15-3361, 2016 U.S. App. Vet. Claims LEXIS 195, *11-12 (Vet. App. Feb. 17, 2016). His underlying claims are to benefits for a psychiatric disorder and traumatic brain injury ("TBI"). We *affirm*.

## BACKGROUND

Philippeaux served on active duty in the Navy from 1972 to 1980 and in the Air Force from 1984 to 1985. Philippeaux first filed a claim for service connection for a nervous condition on February 27, 1995. His claim was denied due to lack of evidence supporting a claim that the condition manifested itself during active military service. Philippeaux filed a Notice of Disagreement ("NOD") to that decision on February 26, 1997. A second rating decision on July 30, 1997 again denied Philippeaux's claim for benefits for a nervous condition. Philippeaux did not appeal that decision, which became final. On July 1, 2008, Philippeaux filed another claim for a psychiatric condition—this time, phrased as a "psychotic disorder." On April 22, 2011, after considering a plethora of statements in support of claim and treatment records, the U.S. Department of Veterans Affairs ("VA") issued a rating decision granting service connection for a psychiatric disorder with an 100% evaluation and an effective date of July 1, 2008.

Philippeaux then sought an earlier effective date for his psychiatric disorder. On July 6, 2015, the RO certified for appeal the issue of entitlement to an earlier effective date for the psychiatric disorder to the Board of Veterans' Appeals (the "Board"). The Board notified Mr. Philippeaux that it had formally docketed his appeal by a letter dated August 24, 2015.

Concurrently with his appeals, Philippeaux requested revisions of the February and July 1997 decisions and the April 2011 decision, on the ground that the effective date of July 1, 2008 was a clear and unmistakable error ("CUE"). In a February 4, 2015 rating decision, the VA determined that there was no CUE. The VA reiterated its decision in rating decisions issued in October and November of 2015.

In a December 2015 rating decision on the same claim to an earlier effective date, however, the VA found for the first time that the July 30, 1997 decision could not subsume the NOD that Philippeaux had filed on February 26, 1997. The VA found, therefore, that an appeal from the February 27, 1995 decision had been pending ever since. Because subsequent decisions granted service connection for the psychiatric disorder, the VA granted Philippeaux an effective date of February 27, 1995, his original filing date. But based upon a VA examination from 1996 and the overall evidentiary record, the VA assigned a 50% disability rating for the pre-July 2008 period. Philippeaux filed a NOD with the VA's decision, seeking a 100% rating going back to 1995.

Philippeaux separately filed a claim for TBI, which was denied on May 25, 2010. In response, Philippeaux filed a NOD, which prompted additional examinations and statements of the case. Most recently, on March 3, 2015, the VA issued a Supplemental Statement of the Case ("SSOC") denying TBI, stating that a VA examination conducted in February 2015 showed no TBI. On July

6, 2015, the VA certified the issue of service connection for TBI to the Board. In August 2015, the Board acknowledged that the TBI claim was under appeal.

On September 2, 2015, Philippeaux petitioned the Veterans Court for a writ of mandamus. Philippeaux's petition asked the court, *inter alia*, to (1) compel the Board to certify his appeal of his claims for an earlier effective date for his psychiatric disorder and his claim for service connection for TBI; and (2) to compel the Secretary to make determinations on his motions for revision of the February 1997, July 1997, and April 2011 rating decisions on the basis of CUE.

The Veterans Court dismissed Philippeaux's petition for writ of mandamus as moot. The court also rejected Philippeaux's motions for revision of his February 1997, July 1997, and April 2011 rating decisions on the basis of CUE. Philippeaux now appeals the Veterans Court's decision.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, we review only questions of law and lack jurisdiction to review factual determinations or the application of law to the particular facts of an appeal from the Veterans Court. *See* 38 U.S.C. § 7292(d)(2). "This limited jurisdiction extends to our review of the Veteran's court dismissal of a petition for a writ of mandamus." *Morgan v. Shinseki*, 428 F. App'x 974, 975 (Fed. Cir. 2011) (citing *Lamb v. Principi*, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002); *Gebhart v. Peake*, 289 F. App'x. 402, 403 (Fed. Cir. 2008)).

The Veterans Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998). But "[t]he remedy of

mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citations omitted). Three conditions must be met for a court to issue a writ: 1) there must be a lack of alternative means for review, 2) there must be a clear and undisputable right to the writ, and 3) the court must be convinced, given the circumstances, that issuance of a writ is warranted. *Jackson v. McDonald*, 606 Fed. Appx. 999, 1001, No. 2015-7008, 2015 U.S. App. LEXIS 5926, *5 (Fed. Cir. 2015) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004)).

Philippeaux does not argue that the Veterans Court misinterpreted this legal standard and, in fact, does not mention his request for a writ of mandamus in his informal brief, even though the writ was the subject of the decision on appeal. To the extent Philippeaux's recitation of various legal provisions constitute arguments pertaining to the writ, however, we find, in any event, that the Veterans Court properly dismissed Philippeaux's petition for a writ of mandamus as moot. *See Philippeaux*, 2016 U.S. App. Vet. Claims LEXIS 195, at *8. Philippeaux has not demonstrated that any delay on the part of the VA was so extraordinary as to rise to the level of refusal to act. Instead, the record shows that the Board has recently acted on his claims by confirming in August 2015 that his appeal regarding the VA's denial of his claims for benefits for TBI and for an earlier effective date for his psychiatric disorder is pending. The October 2015 VA rating decision on Philippeaux's claims also noted that "the issue of entitlement to service connection for traumatic brain injury remains under appeal." Joint Appendix ("J.A.") 24. The court's dismissal of the petition was, therefore, proper.

We also discern no arguments from Philippeaux regarding the portion of the Veterans Court's decision denying his motions for revision of the February 1997, July 1997, and April 2011 rating decisions on the basis of

CUE. In any event, no CUE can be alleged because TBI was not a subject of those decisions. Further, the April 2011 decision cannot be the subject of a motion for revision on the basis of CUE because it is currently pending appeal before the Board. With respect to Philippeaux's psychiatric disorder and the 1997 rating decisions, the Secretary addressed Philippeaux's motions to revise the effective date of benefits. Specifically, the December 2015 decision awarded Philippeaux an effective date of February 27, 1995 with a 50% rating between then and July 1, 2008.

Philippeaux's informal brief alleges that the Veterans Court misinterpreted 38 U.S.C. § 7261 when he was denied benefits. Because Mr. Philippeaux does not specifically allege how the Veterans Court misinterpreted the scope of review statute and it is not apparent from the court's decision, we do not consider the allegation further.

Philippeaux also alleges constitutional violations in his brief. He indicates that he was denied constitutional rights for twenty years due to cover-up schemes by VA personnel and the denial of his rights to the Veterans Judicial Review Act appeal process. He further argues that the VA violated his Fifth Amendment rights to due process and equal protection when it denied him benefits and denied him access to the VA appeal process. Finally, Philippeaux argues that the VA violated his Fifth Amendment rights to due process and equal protection when Congress failed to provide an exception to 38 U.S.C. § 5110. "Absent an explanation providing an adequate basis for [a veteran's] claims, mere assertions of constitutional violations cannot invoke [the Court's] jurisdiction." *Payne v. McDonald*, 587 Fed. App'x 649, 651 (Fed. Cir. 2014) (citing *Helfer v. West*, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999)). Because Philippeaux has made only vague and unsubstantiated assertions of Constitutional violations without support, we lack jurisdiction over such claims.

We have considered Philippeaux's remaining arguments and have found them to be without merit.

CONCLUSION

The decision of the Veterans Court dismissing his petition as moot and denying his CUE motions is, therefore, affirmed. We do not have jurisdiction over Philippeaux's remaining claims, and, therefore, do not pass on the merits of those claims.

**AFFIRMED**