NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**EDDY JEAN PHILIPPEAUX,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2017-1741

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-2616, Chief Judge Robert N. Davis.

_____

Decided: August 17, 2017

_____

EDDY JEAN PHILIPPEAUX, Los Angeles, CA, pro se.

TANYA KOENIG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRANDON A. JONAS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, *Chief Judge,* O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Eddy Jean Philippeaux seeks review of the October 5, 2016 decision of the Court of Appeals for Veterans Claims (the "Veterans Court") denying his petition for a writ of mandamus. *Philippeaux v. McDonald*, No. 16-2616, 2016 WL 5820496 (Vet. App. Oct. 5, 2016). For the following reasons, we *affirm* the decision of the Veterans Court.

BACKGROUND

Philippeaux served on active duty in the Navy from 1972 to 1980, and in the Air Force from 1984 to 1985. *Philippeaux v. McDonald*, 657 F. App'x 968, 969 (Fed. Cir. 2016). He has a relatively lengthy history of disputes and appeals relating to that service, but only two of those claims are relevant to this appeal. First, he was granted service connection for "psychotic disorder" with a 50% evaluation effective February 27, 1995, and a 100% evaluation effective July 1, 2008. *Id.* Second, he was granted service connection for "gastroesophageal reflux disease with gastritis" with a 10% evaluation effective February 27, 1995. *In the Appeal of Eddy J. Philippeaux*, No. 11-17200, 2016 WL 4243624, at *1 (Bd. Vet. App. June 13, 2016).

Philippeaux appealed certain aspects of these grants to the Board of Veterans' Appeals (the "Board"), raising six specific issues:

1. Entitlement to service connection for traumatic brain injury, to include as secondary to psychotic disorder not otherwise specified.

2. Entitlement to an effective date earlier than February 27, 1995, for the grant of service

connection for psychotic disorder not otherwise specified.

3. Entitlement to an initial rating in excess of 10 percent for gastroesophageal reflux disease with gastritis.

4. Entitlement to an effective date earlier than February 27, 1995, for the grant of service connection for gastroesophageal reflux disease with gastritis.

5. Entitlement to a total disability rating based on individual unemployability (TDIU) since July 1, 2008, based on service connected disabilities other than psychotic disorder not otherwise specified.

6. Entitlement to TDIU prior to July 1, 2008, based on all service-connected disabilities.

*Id.* The Board remanded to the Regional Office on all issues, finding that the grants issued had not been "complete grant[s] of the benefits sought on appeal" with respect to effective date and rating, and that the TDIU claims were not otherwise mooted. *Id.* at \*2 (citing *Bradley v. Peake*, 22 Vet. App. 280 (2008)).

Thirty-nine days later, on July 22, 2016, Philippeaux petitioned the Veterans Court for a writ of mandamus. *Philippeaux*, 2016 WL 5820496, at \*1. In his petition, Philippeaux appeared to request that the Veterans Court: (1) compel the Regional Office to comply with the Board's remand order; (2) compel the Department of Veterans Affairs to process new claims regarding his dependent children, including retroactive compensation for various benefits; (3) compel the Department of Veterans Affairs to provide him a complete copy of his claims file; (4) grant an earlier effective date for TDIU based on all service-connected disabilities; and (5) grant compensation for the death of his mother. *Id.*

On October 5, 2016, the Veterans Court denied Philippeaux's petition. With respect to Regional Office compliance, the Veterans Court found that Philippeaux had "not demonstrated that the Secretary has refused to act" or that there had "been unreasonable delay in adjudicating his claims," particularly given the "short time . . . passed since the Board remanded his claims." *Id.* at \*2. Regarding the new claims concerning his children and mother, the Veterans Court noted that Philippeaux must "file a claim for benefits" below "over which [the] Court would have jurisdiction," as "a writ is not a substitute for the appeals process." *Id.* As for the claims file, the Veterans Court determined that the record established that Philippeaux had already received a copy. *Id.* For those reasons, the Veterans Court found, "Mr. Philippeaux has not evidenced a clear and indisputable right to the writ." *Id.*

Philippeaux timely appealed the Veterans Court's decision to this court.

DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292(d)(1). Absent a constitutional issue, we review only questions of law and lack jurisdiction to review factual determinations or the application of law to the particular facts of an appeal from the Veterans Court. *See* 38 U.S.C. § 7292(d)(2). "This limited jurisdiction extends to our review of the Veteran's court dismissal of a petition for a writ of mandamus." *Morgan v. Shinseki*, 428 F. App'x 974, 975 (Fed. Cir. 2011) (citing *Lamb v. Principi*, 284 F.3d 1378, 1381–82 (Fed. Cir. 2002)).

The Veterans Court has the authority to issue extraordinary writs in aid of its jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360, 1363–64 (Fed. Cir. 1998). But "[t]he remedy of mandamus is a drastic one, to be invoked only in extraor-

dinary situations." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976) (citations omitted). Three conditions must be met for a court to issue a writ: (1) there must be a lack of alternative means for review; (2) there must be a clear and indisputable right to the writ; and (3) the court must be convinced, given the circumstances, that issuance of a writ is warranted. *Beasley v. Shinseki*, 709 F.3d 1154, 1157 (Fed. Cir. 2013) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).

On appeal, Philippeaux's central argument is that "excessive delays in the delivery of due benefits has resulted in irreversible damages [and] injury [and] wrongful death of [his] mother." Appellant Inf. Br. 1. The precise nature of this argument is not clear; Philippeaux indicates that the Veterans Court did *not* "decide constitutional issues," but simultaneously avers that the delay in benefits "is in violation of due process [and] equal protection." *Id.* Regardless, it is due to this allegedly excessive delay, Philippeaux contends, that the Veterans Court ought to have "grant[ed] [a] writ of mandamus." *Id.*; *see also* Appellant Supp. Br. 17–30, 35.

As his only support for this argument, Philippeaux points to the year of his earliest claim filing—1995—and concludes that there has been a "twenty-two (22) year[] delay in this case in the delivery of all entitled benefits," a delay "beyond reasons or logic." Appellant Supp. Br. 30. Otherwise, Philippeaux provides only vague allegations. He states, for example, that "VA Regional Office adjudicators failed to review his claim files" and "failed to take any action on his appeal," though he does not specify which claims or when. *Id.* at 33. He similarly implies that "the Secretary [has] fail[ed] to act" on his claims or "fail[ed] to provide [him] with information or material critical to the appeal"—again without further elaboration. *Id.* at 17.

These threadbare assertions fail to demonstrate entitlement to the drastic remedy of a writ of mandamus. It is well established that "the mere passage of time does not give rise to a right to mandamus unless the delay is equivalent to an arbitrary refusal to act." *Jackson v. Shinseki*, 338 F. App'x 898, 901–02 (Fed. Cir. 2009) (citing *Ribaudo v. Nicholson*, 20 Vet. App. 552, 555 (2007) (en banc)). Philippeaux relies on the passage of time alone. To wit, he acknowledges outright that "the current system for adjudicating veterans' . . . claims satisfies due process if it is complied with." Appellant Supp. Br. 28. Yet he has not provided this court with a single instance in which those procedures were *not* followed; he only notes the figure of twenty-two years without further specificity. Even that twenty-two-year figure, moreover, erroneously conflates his various claims, encompassing those on which he has already been awarded partial or complete relief as well as those relating to his mother and children—first raised in the instant petition.

Irrespective of the delay issue, Philippeaux appears to separately challenge the Veterans Court's "fail[ure] to decide [his] tort claims" relating to his mother raised in the petition. Appellant Inf. Br. 1. As the Veterans Court recognized, however, its jurisdiction is strictly limited to the review of decisions by the Board. 38 U.S.C. § 7252. That jurisdiction is not changed when reviewing petitions for writs of mandamus. *See Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction."). An examination of the record indicates that Philippeaux raised no such tort claim before the Board; the Veterans Court thus properly refused to consider it for the first time on appeal. *See, e.g.*, *Morris v. Nicholson*, 122 F. App'x 473, 475 (Fed. Cir. 2005).

CONCLUSION

After full review of the record and careful consideration, we find no error in the Veterans Court's decision to deny Philippeaux's petition for a writ of mandamus. Therefore, we affirm.

**AFFIRMED**