NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EDDY J. PHILIPPEAUX,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1510

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6313, Judge Joseph L. Toth.

---

Decided: February 26, 2025

---

EDDY JEAN PHILIPPEAUX, Jersey City, NJ, pro se.

COLLIN T. MATHIAS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; CARLING KAY BENNETT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Eddy J. Philippeaux appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus in *Philippeaux v. McDonough*, No. 23-6313, 2023 WL 8191170 (Vet. App. Nov. 28, 2023) ("*Decision*"). We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Philippeaux served on active duty in the U.S. Navy from September of 1972 to October of 1980. In 1977, Mr. Philippeaux sought medical treatment for a head injury. The medical professional who treated him reported that Mr. Philippeaux stated he hit his head against a wall. On December 31, 2009, Mr. Philippeaux filed a claim for disability compensation for a traumatic brain injury ("TBI") due to his 1977 head injury. The procedural history of Mr. Philippeaux's claim is lengthy and involves three previous appeals to the Board of Veterans' Appeals ("Board"), and three previous appeals to the Veterans Court.

Relevant to this appeal, on August 15, 2023, the Board issued a decision in which it found that Mr. Philippeaux's 1977 head injury was a TBI event. S. App. 11–17.[1] In view of a previous decision in which the Board had found headaches Mr. Philippeaux was experiencing to be service-connected, the Board determined in its August 2023 decision that service connection for residuals of Mr. Philippeaux's TBI was warranted.

---

[1] Our citations to "S. App." refer to the Corrected Supplemental Appendix filed by the Secretary (ECF No. 44).

Shortly thereafter, on August 23, 2023, the Department of Veterans Affairs ("VA" or "agency") Regional Office ("RO") issued a decision implementing the Board's grant of service connection for TBI residuals. S. App. 18–23. In that decision, the RO assigned Mr. Philippeaux's TBI a noncompensable rating (with an effective date of December 31, 2009). In addition, the Board stated that it was requesting an examination to determine Mr. Philippeaux's current level of disability due to TBI. The RO indicated that Mr. Philippeaux would receive an additional rating decision after the RO considered the results of the requested examination. S. App. 20.

Less than two months later, in October of 2023, Mr. Philippeaux filed a petition for a writ of mandamus before the Veterans Court. He requested that the court compel the VA to (1) enforce the Board's August 2023 grant of service connection for TBI residuals; (2) award him entitlement to special monthly compensation ("SMC") under 38 U.S.C. § 1114(t);[2] (3) convert his 100% rating for psychosis to a 100% rating for TBI; and (4) award earlier effective dates for his service-connected psychiatric and stomach disorders.

In November of 2023, the Veterans Court denied Mr. Philippeaux's petition for a writ of mandamus. S. App. 4–6. In a single-judge decision, the court determined that Mr. Philippeaux's request that the court compel enforcement by the VA was moot since the RO had already implemented the Board's TBI grant and, as noted above, had decided the issues of rating and effective date. S. App. 4–5. As for Mr. Philippeaux's arguments for entitlement to SMC, conversion of his 100% rating, and earlier effective dates, the Veterans Court determined that a writ was not warranted

---

[2]    Section 1114(t) of 38 U.S.C. provides SMC for the "regular aid and attendance for the residuals of traumatic brain injury."

because Mr. Philippeaux had not exhausted administrative remedies or attempted to obtain relief from the agency with respect to these issues. S. App. 5–6.

Mr. Philippeaux filed a motion for a panel decision. In January of 2024, the Veterans Court granted Mr. Philippeaux's motion, and a panel ordered that the single-judge decision would remain the decision of the court. S. App. 7. After the Veterans Court entered judgment, Mr. Philippeaux appealed to our court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may review the validity of a Veterans Court decision "on a rule of law or . . . any statute or regulation . . . or any interpretation thereof . . . that was relied on by" the Veterans Court in making the decision. 38 U.S.C. § 7292(a). However, "[e]xcept to the extent that an appeal . . . presents a constitutional issue," we may not review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2). These jurisdictional limits extend to our review of the Veterans Court's dismissal of a petition for a writ of mandamus. *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

On appeal, Mr. Philippeaux argues that it was error for the Veterans Court not to issue a writ of mandamus to require the VA to assign him a compensable rating for his TBI or to award him SMC. Pet'r's Br. 23–33.[3] Specifically, Mr. Philippeaux contends that the Veterans Court failed to properly apply 38 U.S.C. § 1114(t) when it declined to award him SMC. *Id.* at 34–35. Mr. Philippeaux also argues that the VA violated 38 U.S.C. § 1110 when it granted

---

[3]    We use the ECF pagination when referencing Mr. Philippeaux's Corrected Opening Brief (ECF No. 34).

him a noncompensable rating. *Id.* at 28–34.[4]  In making these arguments, however, Mr. Philippeaux is effectively asking our court to review the facts and the application of well-established law to those facts, which is outside our court's jurisdiction and therefore not something we have the power to do.  38 U.S.C. § 7292(d)(2).[5]

Finally, reading his brief in light of the decision of the Veterans Court that is now before us, we understand Mr. Philippeaux to be arguing that his constitutional due process rights were violated by the VA's delays in processing

---

[4]    Section 1110 of 38 U.S.C. is the "[b]asic entitlement" statute that generally provides compensation for veterans "[f]or disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty."

[5]    With respect to Mr. Philippeaux's § 1110 argument, we note that Mr. Philippeaux did not make this argument before the Veterans Court, nor was it the basis of that court's decision.  The general rule is that we do not consider issues not decided by or raised to the Veterans Court. *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (*en banc*), *superseded on other grounds by statute*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402, 116 Stat. 2820, 2832; *see also Philippeaux v. Wilkie*, 823 F. App'x 971, 973 (Fed. Cir. 2020) (concluding that Mr. Philippeaux's constitutional claims were not properly before our court in a previous appeal because they were not the basis for the Veterans Court's decision nor raised in Mr. Philippeaux's petition for a writ of mandamus).

We also note that our court held in *Wingard v. McDonald*, 779 F.3d 1354, 1356, 1359 (Fed. Cir. 2015), that we lack jurisdiction to consider whether VA's rating schedule, including zero-percent disability ratings, conflicts with § 1110.

his TBI claim after the Board's and the RO's August 2023 decisions and by the VA's failure to recognize what he says is the correct effective date for that claim. Pet'r's Br. 17, 48–60. In addition to not having been argued before or addressed by the Veterans Court,[6] Mr. Philippeaux's assertions of constitutional violations are vague and unsupported. These challenges are therefore also outside the scope of our jurisdiction. *Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014) ("Absent an explanation providing an adequate basis for [a veteran's] claims, mere assertions of constitutional violations cannot invoke [our court's] jurisdiction." (citing *Helfer v. West*, 174 F.3d 1332, 1335-36 (Fed. Cir. 1999))); *see Philippeaux v. McDonald*, 657 F. App'x 968, 971 (Fed. Cir. 2016) (stating, in a previous appeal filed by Mr. Philippeaux, that "[b]ecause [Mr.] Philippeaux has made only vague and unsubstantiated assertions of Constitutional violations without support, we lack jurisdiction over such claims.").

## CONCLUSION

We have considered all of Mr. Philippeaux's remaining arguments and conclude that they are likewise outside of the scope of our jurisdiction.[7] Accordingly, for the reasons discussed above, we dismiss.

---

6     *See* n.5.

7     After briefing was complete in this appeal, Mr. Philippeaux filed two Motions for Judicial Notice (and an accompanying Motion for Leave to File a Memorandum of Law), a Motion for an Order to Show Cause (and an accompanying Motion for Leave to File a Memorandum of Law), a Motion for a Preliminary Injunction, and additional documents in support of his motions. We have reviewed each of Mr. Philippeaux's filings. However, because we lack jurisdiction to entertain Mr. Philippeaux's appeal, we also

## DISMISSED

### Costs

No costs.

---

lack jurisdiction to decide these motions.  In other words, because we lack the power to consider Mr. Philippeaux's appeal we also lack the power to consider his motions filed in connection with the appeal. *See Philippeaux v. Wilkie*, 814 F. App'x 603, 605 (Fed. Cir. 2020) (dismissing a motion Mr. Philippeaux filed in a previous appeal "because we lack[ed] jurisdiction to entertain [Mr.] Philippeaux's appeal"); *cf. Badgerow v. Walters*, 596 U.S. 1, 15 (2022) ("A motion . . . is part of a case actually in court.  Jurisdiction to decide [a] case includes jurisdiction to decide [a] motion.").