NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS SEBASTIAN PAYNE,**
*Claimant-Appellant,*

**v.**

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7073

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-3384, Judge William A. Moorman.

---

Decided: October 15, 2014

---

MARCUS SEBASTIAN PAYNE, of Lithia Springs, Georgia, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on

the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Marcus Sebastian Payne ("Payne") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. *See Payne v. Shinseki*, No. 13-3384, 2014 WL 289769 (Vet. App. Jan. 28, 2014) ("*Order*"). Because Payne's arguments challenge only an application of law to fact, we dismiss for lack of jurisdiction.

BACKGROUND

Payne served in the United States Navy from September 1988 to September 1990, acquiring multiple service-connected disabilities affecting his employment potential. After an evaluation in 2010, the Department of Veterans Affairs ("VA") deemed Payne eligible for Chapter 31 benefits under its Vocational Rehabilitation and Employment Program. *Order*, 2014 WL 289769, at *1. Consequently, the VA developed an individualized rehabilitation plan and enrolled Payne in computer certification classes and training. By March 2012, Payne worked from home as a part-time IT specialist.

In July 2012, the VA modified Payne's rehabilitation plan to include a nonpaid work experience ("NPWE") with the Internal Revenue Service ("IRS"). Payne immediately began working in the IRS's IT department. In October 2012, however, Payne injured his foot and filed a request to work from home. Payne's supervisor denied the request, noting that the supervisory requirements of the NPWE necessitate its completion "in the office, and the

option of teleworking from home was not applicable."
Appellee's App. 15. Because Payne could not complete the
NPWE as designed, the IRS elected to release Payne due
to "a change in medical condition." *Id.* at 15, 64. The VA
notified Payne of this determination and informed him of
his right to appeal. In November 2012, Payne filed two
Notices of Disagreement with the VA challenging his
termination, yet received no response.

One year later, Payne filed a petition for extraordinary relief in the nature of a writ of mandamus at the
Veterans Court. *Order*, 2014 WL 289769, at *1. In his
petition, Payne sought a court order (1) directing the
Under Secretary for Benefits to comply with VA regulations and court precedent, to issue a written decision, and
to issue a Statement of the Case in response to his two
Notices of Disagreement; (2) reinstating him at the IRS;
and (3) continuing his subsistence allowance, as well as
his benefits and services under Chapter 31. *Id.* Shortly
thereafter, however, Payne filed a motion to amend his
petition, focusing exclusively on whether "terminating of
Payne benefits and services was, as a matter of law, *ultra
vires*—period!" *Id.*

Over the next two months, Payne introduced additional correspondence in the Veterans Court, including a
challenge to the constitutionality of the NPWE under the
Equal Protection and Due Process Clauses of the Fifth
Amendment. *Id.* In January 2014, the Atlanta VA regional office issued a Statement of the Case regarding
Payne's termination and attached instructions for completing an appeal. Payne immediately filed an "emergency motion for the [Veterans] Court to issue an order
declaring the 'signed' Statement of the Case . . . a legal
nullity and does not moot the petition for a writ of mandamus full relief stated and requested." *Id.* at *2.

On January 28, 2014, the Veterans Court denied the
petition. *Id.* Relying on the standard outlined in *Cheney*

*v. United States District Court for District of Columbia,* 542 U.S. 367, 380–81 (2004) (holding that a court may grant a writ of mandamus if (1) the petitioner demonstrates that he lacks an adequate alternative, (2) the petitioner demonstrates a clear and indisputable right to the writ, and (3) the court is convinced that issuing the writ is warranted), the Veterans Court noted that the extraordinary writ cannot provide relief when an administrative appeal remains available. *Id.* Thus, because Payne could still submit a substantive appeal to the Board of Veterans' Appeals, the Veterans Court held that his case was not extraordinary and that a writ of mandamus was not appropriate. *Id.*

Payne moved for reconsideration or, in the alternative, for a panel decision. The Veterans Court denied reconsideration by a single judge, yet granted the motion for decision by a panel. Based on a review of the pleadings, the panel similarly denied Payne's request for a writ of mandamus.

Payne then appealed to this court seeking to invoke our jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review in an appeal from a Veterans Court decision is limited. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). We may also review a Veterans Court's denial of a petition for a writ of mandamus. *Lamb v. Principi,* 284 F.3d 1378, 1381–83 (Fed. Cir. 2002). Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Payne argues that the Veterans Court "'*sub silentio'* ignored my arguments and citations to authorities . . . and the merits of my writ" and failed to properly apply relevant statutes and regulations to the facts underlying his mandamus petition. Appellant's Br. 2. That argument, however, challenges the application of law to fact, a matter outside of our limited jurisdiction. 38 U.S.C. § 7292(d)(2); *see Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). To the extent Payne's mere recitation of statutes and regulations contemplates a legal question, Payne nevertheless fails to identify how the Veterans Court misconstrued the statutes and regulations or improperly decided a rule of law. Moreover, the Veterans Court simply recited the mandamus doctrine and applied it to the facts of Payne's case. *See Order*, 2014 WL 289769, at *2–3. Absent any argument alleging a legal error in the Veterans Court's determination, we do not have jurisdiction over Payne's appeal.

Payne further alleges constitutional violations in his informal brief, namely, that the VA's decision to terminate violated employment discrimination laws and denied Payne procedural due process. However, the Veterans Court did not decide any constitutional issues. *See id.* Absent an explanation providing an adequate basis for Payne's claims, mere assertions of constitutional violations cannot invoke our jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335–36 (Fed. Cir. 1999).

We have considered the additional arguments presented in Payne's informal appeal brief, but do not find them persuasive. For the foregoing reasons, the appeal is dismissed for lack of jurisdiction.

**DISMISSED**

Costs

No costs.