NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GLORIA N. CLEAVER,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS**
*Respondent-Appellee*

---

2015-7044

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-0952, Judge William A. Moorman.

---

Decided: November 12, 2015

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by THEODORE C. JARVI, Law Office of Theodore C. Jarvi, Tempe, AZ.

ROBERT NORWAY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.,

MARTIN F. HOCKEY, JR.; DAVID J. BARRANS, MEGHAN D. ALPHONSO, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Gloria N. Cleaver ("Mrs. Cleaver") appeals from the final decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans Appeals concluding that the Department of Veterans Affairs did not err in a July 1973 rating decision by not awarding a service connection for paranoid schizophrenia suffered by her husband, James E. Cleaver ("Mr. Cleaver"). *Cleaver v. McDonald*, No. 13-0952, 2014 WL 3748615 (Vet. App. July 31, 2014).

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation that was relied upon by the Veterans Court in making the decision. 38 U.S.C. § 7292(a). Unless a constitutional issue is presented, we have no jurisdiction to review questions of fact or the application of a law or regulation to a particular set of facts. *Id.* § 7292(d)(2).

Mrs. Cleaver argues that the Veterans Court applied the incorrect legal standard when it determined that her husband did not make a claim for service connection in July 1973, and further argues that his medical records raised an implied informal claim for service connection. The Veterans Court opinion, however, only applied the relevant law to the facts of the case. In the absence of a constitutional issue, we do not have jurisdiction to review the Veterans Court's application of law to facts. 38 U.S.C. § 7292(d)(2); *Payne v. McDonald*, 587 F. App'x 649, 651

(Fed. Cir. 2014); *cf. Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by party or a court[ ] is not controlling; we must look to the true nature of the action.").

Accordingly, we dismiss Mrs. Cleaver's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.