NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN A. HARRIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2421

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3923, Chief Judge Robert N. Davis.

---

Decided:  March 23, 2020

---

NORMAN A. HARRIS, Greenville, IN, pro se.

ANTONIA RAMOS SOARES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before WALLACH, PLAGER, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Norman A. Harris appeals a decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court"), affirming the Board of Veterans' Appeals' ("Board") denial of entitlement to an effective date before July 29, 2002, for the award of service-connected disability benefits for Mr. Harris's skin condition. *Harris v. Wilkie*, No. 17-3923, 2019 WL 1995773, at *3–4 (Vet. App. May 7, 2019). Because we lack jurisdiction, we dismiss.

DISCUSSION

I. Standard of Review and Legal Standard

"The jurisdiction of this court to review decisions of the Veterans Court is limited by statute." *Gazelle v. Shulkin*, 868 F.3d 1006, 1009 (Fed. Cir. 2017) (citation omitted). We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and . . . interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2012). Absent a constitutional issue, however, we lack subject matter jurisdiction over "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki,* 618 F.3d 1333, 1336 (Fed. Cir. 2010).

II. We Lack Jurisdiction over Mr. Harris's Appeal

Mr. Harris's appeal involves neither the interpretation of a statute or regulation nor a constitutional issue; instead, Mr. Harris raises only issues of fact that we may not review. *See generally* Appellant's Br. First, Mr. Harris contends that "[t]he Board refused to grant service connection benefits for his diagnosed skin condition[] effective to

1985 by attempting to discredit [his] evidence[.]" *Id.* at 3. Mr. Harris, a U.S. Army veteran who served in Vietnam, A. App. 87,[1] "suffers from a service-connected skin condition, characterized as contact dermatitis and a latex allergy," *Harris*, 2019 WL 1995773, at *1. On January 24, 1985, a U.S. Department of Veterans Affairs ("VA") medical examiner diagnosed Mr. Harris with "[m]aculopapular exfoliative dermatitis . . . highly suggestive of contact dermatitis, with a history of allergy to rubber and new plastics . . . , but not related to Agent Orange." A. App. 87, 89–90.[2] In 2001, however, a different VA medical examiner concluded that "Mr. Harris's skin condition resulted from exposure to Agent Orange." *Harris v. McDonald*, No. 14-0649, 2015 WL 6087176, at *1 (Vet. App. Oct. 16, 2015). On July 29, 2002, the VA received a document "indicat[ing] that [Mr. Harris] wanted to claim service connection for [his] skin condition . . . as a result of Agent Orange exposure." *In re Harris*, No. 07-16 417, slip op. at 12 (Bd. Vet. App. June 27, 2017). In 2006, the VA regional office granted Mr. Harris service connection for his skin condition "with an evaluation of [ten] percent effective July 29, 2002." A. App. 92; *see* A. App. 92–94 (Rating Decision). Mr. Harris appealed to the Board, arguing that two forms completed during his 1985 VA medical examination constituted a claim for disability benefits, and thus, the effective date for his skin condition should be the date of that examination, i.e., January 24, 1985. *Harris*, slip op. at 10; *see* A. App. 83–91 (1985 Medical Examination Forms). In the decision from which Mr. Harris currently appeals, the Board found, and the Veterans Court affirmed, that "neither [form] constitute[d]" a claim for disability benefits, *Harris*,

---

[1]    "A. App." refers to the Appellee Secretary of Veterans Affairs' Appendix attached to the response brief.

[2]    Agent Orange is an "herbicide agent" used during the Vietnam War. *Procopio v. Wilkie*, 913 F.3d 1371, 1373 (Fed. Cir. 2019) (en banc).

slip op. at 12, and thus, Mr. Harris was not "[e]ntitle[d] to an effective date prior to July 29, 2002[,]" *id.* at 21.  To the extent Mr. Harris seeks review of this finding, it is a factual determination that cannot be disturbed by this court.  *See* 38 U.S.C. § 7292(d)(2)(A); *see also Ellington v. Peake*, 541 F.3d 1364, 1371 (Fed. Cir. 2008) (holding that "we lack jurisdiction to consider [the veteran's] claim for entitlement" to an earlier effective date for his service-connected medical conditions, as "the interpretation of the contents of a claim for benefits [i]s a factual issue over which we d[o] not have jurisdiction").

Second, Mr. Harris contends that the Veterans Court erred in affirming the Board's reliance on *Ellington*.  *See generally* Appellant's Br.  Specifically, Mr. Harris argues that, by relying on *Ellington*, the Board misapplied the "standards" set forth in *Moody v. Principi*, 360 F.3d 1306 (Fed. Cir. 2004), *Szemraj v. Principi*, 357 F.3d 1370 (Fed. Cir. 2004), and *Roberson v. Principi*, 251 F.3d 1378 (Fed. Cir. 2001), Appellant's Br. 5–6, which require the VA to "fully and sympathetically develop the veteran's claim to its optimum before deciding it on its merits[,]" *Roberson*, 251 F.3d at 1383 (internal quotation marks and citation omitted).  As with the veteran in *Ellington*, however, Mr. Harris "[can]not argue that the Veterans Court failed to consider or misinterpreted *Moody*, *Szemraj*, or *Roberson*[,]" as the Veterans Court "explicitly acknowledged [the] obligation to sympathetically read Mr. [Harris's] claims in light of [those cases]." *Ellington*, 541 F.3d at 1372 (internal quotation marks omitted); *see Harris*, 2019 WL 1995773, at *3 (explaining that the Board's findings were based on a "sympathetic or liberal reading" of the evidence); *Harris*, 2015 WL 6087176, at *4 (remanding to the Board for consideration of the evidence in light of *Moody*, *Szemraj*, and *Roberson*).  Rather, Mr. Harris essentially argues that the Veterans Court erred in concluding that the Board satisfied its duty to sympathetically construe his claim when it concluded that his 1985 medical examination

forms did not raise an informal claim for disability benefits, *see, e.g.*, Appellant's Br. 5–7, "a matter over which we lack jurisdiction," as it "implicate[s] the application of law to fact," *Ellington*, 541 F.3d at 1372; *see* 38 U.S.C. § 7292(d)(2)(B).

Finally, Mr. Harris broadly alleges "violation[s] of [his] Constitutional Rights for fair and impartial review," Appellant's Br. 11, and "due process of law," *id.* at 7; *see id.* at 4, 5. Mr. Harris's arguments are, however, "constitutional in name only," as "he has simply put a [constitutional] label on his contention" that the Veterans Court erred in affirming the Board's reliance on *Ellington. Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999); *see Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014) ("Absent an explanation providing an adequate basis for [the veteran's] claims, mere assertions of constitutional violations cannot invoke our jurisdiction."). *See, e.g.*, Appellant's Br. 5 ("The Veterans Court ha[s] instead affirmed the Board['s] review of the evidence of 'that case[,'] *Ellington*, introduced by the Board, without the required standard of review for 'prejudicial error[,'] . . . violating [Mr. Harris's] due process for fairness."). Accordingly, we lack jurisdiction over Mr. Harris's appeal.

## CONCLUSION

We do not have jurisdiction to review this appeal. Accordingly, Mr. Harris's appeal from the U.S. Court of Appeals for Veterans Claims is

## DISMISSED