NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES B. MORRIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1450

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-4842, Judge Michael P. Allen.

---

Decided: August 4, 2020

---

JAMES B. MORRIS, Highland, AR, pro se.

LIRIDONA SINANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by ETHAN P. DAVIS, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

PER CURIAM.

Mr. James B. Morris appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") (1) affirming a Board of Veterans' Appeals ("Board") decision concluding that Mr. Morris's entitlement to a total disability rating based on individual unemployability ("TDIU") benefits was properly terminated because receipt of such compensation was based on fraud; and (2) dismissing for lack of jurisdiction Mr. Morris's separate claim asserting clear and unmistakable error ("CUE") in a December 1986 rating decision. *See Morris v. Wilkie*, No. 18-4842, 2019 WL 6258853 (Vet. App. Nov. 25, 2019).  For the reasons below, we dismiss for lack of jurisdiction.

### BACKGROUND

Mr. Morris served on active duty in the United States Army from May 1966 to May 1968.  In a December 1986 rating decision, a Regional Office ("RO") of the Department of Veterans Affairs ("VA") concluded that Mr. Morris was unemployable and thus entitled to TDIU benefits, effective September 16, 1986.  The RO based its determination in part on Mr. Morris's representations that he had been unemployed since February 1984.  In connection with his continued eligibility for TDIU benefits, Mr. Morris submitted yearly employment questionnaire forms in 1988–1989 and 1991–1997 certifying that he had not been employed in the previous year and that service-connected disabilities continued to prevent him from securing gainful employment.

Subsequently, in August 2011, Mr. Morris was found guilty of 44 counts of unlawful conduct against four U.S. agencies or departments, including "Theft of Veterans Administration Funds . . . based on evidence that he had been employed as an accountant in the early 1980s while at the same time he was receiving VA compensation benefits based on unemployability." *Morris*, 2019 WL 6258853, at *2.  The Eighth Circuit affirmed the conviction, rejecting Mr. Morris's argument that his actions were the product of

"good-faith misinterpretations of the agencies' definitions of 'work.'" *United States v. Morris*, 723 F.3d 934, 939 (8th Cir. 2013); *see also id.* at 938–39 (concluding that sufficient evidence supported that Mr. Morris committed "knowing and/or intentional theft of Social Security and VA funds, as well as knowing or intentional concealment of a material fact (i.e., [Mr. Morris's] ability to work) from the SSA").

In April 2012, the RO discontinued Mr. Morris's TDIU benefits, effective September 16, 1986, because the evidence adduced at Mr. Morris's criminal trial demonstrated that his benefits were obtained through fraud. The Board upheld the RO's termination of TDIU benefits, finding in relevant part that the evidence demonstrated that Mr. Morris (1) "was in fact gainfully employed as an accountant at the time he was awarded TDIU benefits," and that he (2) "failed to notify VA of his employment and knowingly made and presented false statements and papers to VA concerning a claim for benefits for TDIU beginning February 1988." *In re Morris*, No. 15-00 604A, at 1 (Bd. Vet. App. May 23, 2018).[1] The Board noted that a VA custodian of record "wrote that during the course of [Mr. Morris's] trial, the Veteran admitted that he lied on the VA employment certification forms and that he was, in fact, working as an accountant and had done so since the early 1980s." *Id.* at 2–3. The Board also highlighted that the VA custodian "stated that she testified [at Mr. Morris's criminal trial] that if not for the Veteran's false representations, VA would have denied the Veteran's TDIU claim based on his obvious gainful employment during the entire time he claimed unemployability." *Id.* (internal quotations removed).

---

[1] The Board's decision can be found on pages 8–12 of the supplemental appendix filed with the government's response brief.

Mr. Morris appealed the Board's decision to the Veterans Court and also raised an argument that the December 1986 rating decision was the product of CUE.  The Veterans Court affirmed the Board's decision terminating Mr. Morris's entitlement to TDIU benefits on the basis of fraud and dismissed the CUE claim for lack of jurisdiction.  *See Morris*, 2019 WL 6258853, at \*3.  Mr. Morris appealed.

## DISCUSSION

We have limited jurisdiction to review decisions by the Veterans Court.  Under 38 U.S.C. § 7292, except to the extent that an appeal presents a constitutional issue, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); *see also Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004) ("[W]e cannot review applications of law to fact.").  We have jurisdiction, however, to "decide all relevant questions of law." 38 U.S.C. § 7292(d)(1).  We conclude that we lack jurisdiction to review any of the issues raised by Mr. Morris.

First, Mr. Morris appears to argue that the Veterans Court misapplied 38 C.F.R. § 3.343, but to the extent the Veterans Court applied § 3.343, Mr. Morris's request amounts to asking us to review the application of law to fact, a request over which we lack jurisdiction.  38 U.S.C. § 7292(d)(2); *see also Conway*, 353 F.3d at 1372.

Second, Mr. Morris challenges the determination that he committed fraud.  *See, e.g.*, Appellant's Br. 2 ("[N]o fraud was committed. The Employment Certification Forms I filled out were in fact filled out correctly, because there was nothing to claim.").  However, such a determination "is a factual question over which we lack jurisdiction." *Roberts v. Shinseki*, 647 F.3d 1334, 1339 n.4 (Fed. Cir. 2011).

Third, Mr. Morris challenges the December 1986 rating decision.  The Veterans Court properly concluded that it lacked jurisdiction to address Mr. Morris's challenge

because the Board did not address the December 1986 rating decision in its decision on appeal; rather, the December 1986 rating decision had been addressed by the RO in a July 2013 decision that Mr. Morris did not appeal.[2] Because our jurisdiction is limited to reviewing decisions by the Veterans Court, we lack jurisdiction to consider the merits of Mr. Morris's challenge to the December 1986 rating decision. *See* 38 U.S.C. § 7292(a).

Fourth, Mr. Morris asserts that "[t]his case is totally a violation of constitutional issues." Appellant's Br. 2. Conclusory assertions of constitutional violations are insufficient to vest this court with jurisdiction. *See, e.g.*, *Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014) ("Absent an explanation providing an adequate basis for [the Veteran's] claims, mere assertions of constitutional violations cannot invoke our jurisdiction.").[3]

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

**DISMISSED**

---

[2] Indeed, we have held that the Veterans Court's jurisdiction is limited to reviewing claims decided by the Board in the decision on appeal. *See, e.g.*, *Andre v. Principi*, 301 F.3d 1354, 1361–62 (Fed. Cir. 2002).

[3] To the extent Mr. Morris argues that the district court lacked jurisdiction over his criminal case, we lack jurisdiction to address this issue at least because this is not an appeal from the district court action. Rather, this is an appeal from the Veterans Court, which did not address, and would not have had jurisdiction to address, the district court action. Likewise, we do not have jurisdiction over the Mr. Morris's criminal case.

6                                              MORRIS v. WILKIE

COSTS

No costs.