NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MARCUS SEBASTIAN PAYNE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1710

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-6321, Judge Amanda L. Meredith.

_____

Decided: July 28, 2021

_____

MARCUS SEBASTIAN PAYNE, Powder Springs, GA, pro se.

GALINA I. FOMENKOVA, Commerical Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.

_____

Before MOORE, *Chief Judge*, REYNA and HUGHES, *Circuit Judges*.

PER CURIAM.

Marcus Sebastian Payne appeals an order of the United States Court of Appeals for Veterans Claims dismissing Mr. Payne's petition for a writ of mandamus as moot. S.A. 2–4. Because we lack jurisdiction over this appeal, we *dismiss*.

I

Mr. Payne served in the United States Navy from September 1988 to September 1990. *Payne v. McDonald*, 587 F. App'x 649, 649 (Fed. Cir. 2014) (non-precedential). He suffered from multiple service-connected disabilities. *Id.* To compensate Mr. Payne for those disabilities, the Department of Veterans Affairs (VA) created an individualized rehabilitation plan, which included a nonpaid work experience with the Internal Revenue Service (IRS). *Id.* at 650. Mr. Payne requested to complete that work experience from home after suffering a foot injury. In response, the IRS noted that the terms of Mr. Payne's work experience required him to complete that experience in the office. Based on those terms, the IRS denied Mr. Payne's work-from-home request. And because Mr. Payne could not comply with the terms of his work experience, that arrangement was discontinued. *Id.* Mr. Payne appealed to the VA, which sustained the IRS's decision in a 2014 Statement of the Case. Mr. Payne then filed a motion with the VA seeking a revision of that decision based on clear and unmistakable error.

On August 31, 2020, Mr. Payne petitioned the Veterans Court for a writ of mandamus to compel a decision on his clear and unmistakable error claim. On December 8, 2020, the VA regional office issued its decision denying that claim. In its response to Mr. Payne's mandamus petition,

the VA informed the Veterans Court that it had just issued and mailed a decision on Mr. Payne's motion. Thus, the Veterans Court dismissed Mr. Payne's petition as moot. Mr. Payne appeals.

## II

We have "jurisdiction to review the [Veterans Court]'s decision whether to grant a mandamus petition that raises a *non-frivolous* legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013) (emphasis added). Without "review[ing] the factual merits of the veteran's claim," we "may review whether the petitioner has satisfied the legal standard for issuing the writ" *Id.*; *see also* 38 U.S.C. § 7292(a) (defining the scope of our jurisdiction over appeals from the Veterans Court).

Mr. Payne fails to raise any non-frivolous challenge to the Veterans Court's dismissal of his mandamus petition. At no point does Mr. Payne claim the Veterans Court committed reversible error in dismissing his mandamus petition as moot. Nor have we identified any reversible error in the Veterans Court's decision. Rather than challenging the Veterans Court's dismissal, Mr. Payne challenges the VA's decision denying his motion on the merits. Appellant's Informal Br. at 1–3; Appellant's Informal Reply Br. at 1–11. But that decision is not before us in this appeal. "[W]e are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005) (declining to decide issue not addressed in the court of appeals). To be ripe for review, Mr. Payne's merits arguments must pass through the ordinary channels of lower-tribunal review. Accordingly, we dismiss.

## DISMISSED

### COSTS

No costs.