NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROMAL D. BOOKER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1566

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-2741, Judge Joseph L. Falvey, Jr.

_____

Decided: August 31, 2021

_____

ROMAL D. BOOKER, Roselle, NJ, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., TARA K. HOGAN; AMANDA BLACKMON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Between 2002 and 2008, the Department of Veterans Affairs (VA) denied claims filed by veteran Romal D. Booker seeking disability benefits based on medical conditions—right-knee arthritis, depression, and post-traumatic stress disorder (PTSD)—that he alleged were connected to his Air Force service. In 2016, Mr. Booker sought to reopen the claims, but the VA's Board of Veterans' Appeals, in agreement with the relevant VA regional office, denied the request, finding that Mr. Booker had not submitted new and material evidence, as required for the requested reopening. The Court of Appeals for Veterans Claims (Veterans Court) affirmed the denial. *Booker v. Wilkie*, No. 19-2741, 2020 WL 5223533, at *4 (Vet. App. Sept. 2, 2020); Supplemental Appendix (SAppx.) 1–9. Mr. Booker appeals. But we lack jurisdiction to decide the issues that he raises, so we must dismiss the appeal.

I

We recite the background facts based on the factual findings and premises set forth by the Board and the Veterans Court, which (as noted *infra*) we lack jurisdiction to question in this case. Mr. Booker served in the United States Air Force from January 1981 to July 1984. After his service ended, Mr. Booker filed claims with VA seeking disability benefits based on allegations of service-connected right-knee arthritis, depression, and PTSD. *See* 38 U.S.C. § 1131 (peacetime service); *see also id.* § 1110 (wartime

service).  Those claims were all denied, and the denials became final.[1]

In particular, several times since July 1996, Mr. Booker filed a claim based on right-knee arthritis.  His in-service treatment records note arthritis in his right knee, but they also note that he had surgery on that knee at age 12—well before his service.  VA's relevant regional office repeatedly denied benefits based on Mr. Booker's right-knee claims, finding that the evidentiary record failed to show that his arthritis was suffered or contracted in service or that it pre-dated service but was aggravated in service.  The last regional-office denial of a claim based on right-knee arthritis was a July 2008 rating decision.

Similarly, several times since June 1995, Mr. Booker filed a claim based on depression.  The regional office denied benefits for depression, finding that, although in-service treatment records note that Mr. Booker was depressed during service from 1982 to 1984 due to a "poor work environment," the evidentiary record failed to show that any current depression was connected to Mr. Booker's service.  SAppx. 18.  The last regional-office denial of a claim based on depression was a July 2008 rating decision.

Mr. Booker also sought benefits based on an allegation of PTSD, but the regional office rejected the claim in an October 2002 rating decision.  The regional office determined that the evidentiary record did not contain the required verification that Mr. Booker had in fact been

---

[1]    At least one claim was for compensation benefits under 38 U.S.C. § 1151, which, as relevant here, involves the same standard.  Mr. Booker also filed a claim alleging a left-knee disability, but the Veterans Court remanded for further proceedings on that claim, which is therefore not before us.  *See Booker*, 2020 WL 5223533, at *3–4.

exposed to his claimed in-service stressor (sniper fire in Greece).

The regional office informed Mr. Booker of his appellate rights in each of its rating decisions. Mr. Booker did not file timely appeals, and the October 2002 and July 2008 rating decisions became final.

In March 2016, Mr. Booker requested that his right-knee, depression, and PTSD claims be reopened. To obtain reopening, Mr. Booker had to present "[n]ew and material evidence [that was] neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened" and that "raise[d] a reasonable possibility of substantiating the claim." 38 C.F.R. § 3.156(a) (2020); *see also* 38 U.S.C. § 5108; SAppx. 5–6 (Veterans Court noting legacy-appeal character of this case). Mr. Booker submitted evidence that was part of the earlier evidentiary record and also submitted additional evidence—in particular, treatment records from after the July 2008 rating decision, including MRI and X-ray studies documenting the presence of arthritis in his right knee; medical records indicating continued psychiatric treatment for depression since the July 2008 rating decision; and personnel records not related to Mr. Booker's claimed in-service stressor and medical records reflecting treatment for PTSD since the October 2002 rating decision.

The regional office denied Mr. Booker's request to reopen his claims, and the Board affirmed that decision on January 8, 2019. SAppx. 10–20. The Board reasoned that the new evidence still did not indicate that Mr. Booker's right-knee arthritis did not preexist service or that it did preexist his service but was aggravated in service; still did not indicate that Mr. Booker's current depression is related to his service; and still did not indicate that Mr. Booker's PTSD is the result of a verified in-service event. SAppx. 16–20. As a result, the Board concluded for each claim that the new evidence was "cumulative and redundant of the

evidence at the time of the last prior final denial of the claim sought to be reopened, and [did] not raise a reasonable possibility of substantiating the claim." SAppx. 17–20.

Mr. Booker appealed the Board's decision to the Veterans Court, which, on September 2, 2020, in a single-judge disposition, affirmed the portions of the Board's decision relevant here—the portions concerning the right-knee arthritis, depression, and PTSD claims. *Booker*, 2020 WL 5223533, at *1. The Veterans Court reviewed the Board's decision that Mr. Booker had not presented new and material evidence sufficient to reopen Mr. Booker's claims for his right-knee-arthritis, depression, and PTSD claims. It ruled that the Board's conclusion on those issues was "consistent with the law," that the "factual findings associated with that conclusion [were] not clearly erroneous," and that the Board provided an adequate statement of the reasons or bases for its determination. *Id.* at *2. On November 12, 2020, a three-judge panel of the Veterans Court adopted the one-judge decision as the decision of the Veterans Court, and the court's judgment issued on December 4, 2020. SAppx. 1–3. Mr. Booker timely appealed.

## II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2). Under those standards, Mr. Booker has not presented an issue that is within our jurisdiction.

Although Mr. Booker suggests otherwise, App. Inf. Br. at 1–2, items 2–4, he has not shown that the Veterans

Court, in its decision, expressly or implicitly interpreted or ruled on the validity or interpretation of a statute or regulation in a way he identifies as legally incorrect. He does not identify any error in the standard for reopening his claims stated and applied by the Veterans Court. He cites 38 C.F.R. §§ 3.102, 3.306, 4.129, as well as 18 U.S.C. § 1505 and "U.S.C. Title 18-1823 rules 403, 401, and 102," and refers with no meaningful elaboration to missing records. App. Inf. Br. at 1–2, items 2–4. But he has identified no discernable, challenged Veterans Court interpretation (or ruling on validity) of any of such provisions. *See Githens v. Shinseki*, 676 F.3d 1368, 1371 (Fed. Cir. 2012) (defining interpretation as "elabora[tion] upon the meaning of a statute or regulation").

When Mr. Booker cited such statutes and regulations and made certain references to missing or overlooked evidence in his briefing to the Veterans Court, App. Inf. Br. at 2–5, items 3–5, *Booker*, 2020 WL 5223533 (No. 19-2741); App. Reply Br. at 4, *Booker*, 2020 WL 5223533 (No. 19-2741), the Veterans Court concluded that the "arguments either fail to demonstrate prejudicial error . . . or are too unsupported by evidence and argument to support judicial review," *Booker*, 2020 WL 5223533, at *3 (citations omitted). That ruling is at most an application of statutes and regulations to the facts of this case, which we lack jurisdiction to review. *See Cook v. Principi*, 353 F.3d 937, 937, 939–41 (Fed. Cir. 2003) ("Although [the veteran] presents his argument as a legal premise couched in terms of statutory interpretation, the review [the veteran] requests ultimately reduces to an application of the law to facts."); *see also Vargas v. Wilkie*, 840 F. App'x 547, 549–50 (Fed. Cir. 2021). We note that the Board stated that it had "reviewed all of the evidence in the Veteran's claims file," SAppx. 13, and the Veterans Court did not disagree. In any event, Mr. Booker's references to missing or overlooked evidence do not invoke this court's jurisdiction over Veterans Court

rulings on the interpretation or validity of statutes or regulations or rules of law.

Nor has Mr. Booker stated a constitutional challenge—either a constitutional challenge to the Board's decision (raised to and expressly or implicitly rejected by the Veterans Court) or a constitutional challenge to the Veterans Court's own decision. His informal brief in this court invokes the constitutional label, listing in support the statutory and regulatory material we have just mentioned. App. Inf. Br. at 2, item 3. But Mr. Booker has not presented any argument for how this material gives rise to a constitutional violation, and this is not a case where a constitutional claim is apparent in the absence of explanation. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding no § 7292 jurisdiction based on bare invocation of constitutional label); *Payne v. McDonald*, 587 F. App'x 649, 651 (Fed. Cir. 2014) ("Absent an explanation providing an adequate basis for [a veteran's] claims, mere assertions of constitutional violations cannot invoke [the Federal Circuit's] jurisdiction.").

In short, the Veterans Court applied proper legal standards and determined that the Board's finding that Mr. Booker had failed to produce new and material evidence was not clearly erroneous. *Booker*, 2020 WL 5223533, at *1–3. This type of determination is "either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383–84 (Fed. Cir. 1996). Accordingly, we must dismiss for lack of jurisdiction.

### III

For the foregoing reasons, Mr. Booker's appeal is dismissed. Mr. Booker's pending motions, ECF Dkt. 21, 22, 26, are denied.

The parties shall bear their own costs.

**DISMISSED**